IN THE UNITED STATES DISTRICT COURT OF
THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| GARY McCANN,<br>P.O. Box 365<br>15940 East Hwy. 54<br>Mexico, MO 65265<br><br>　　　　Plaintiff,<br><br>vs.<br><br>ILLINOIS CENTRAL RAILROAD<br>COMPANY d/b/a CANADIAN<br>NATIONAL/ILLINOIS CENTRAL<br>RAILROAD COMPANY<br><br>SERVE:　CT Corporation<br>　　　　　Registered Agent<br>　　　　　208 S. LaSalle St., #814<br>　　　　　Chicago, IL 60604<br><br>　　　　Defendant. | Cause No.<br><br><br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

### COUNT I

COMES NOW Plaintiff, Gary McCann, by and through his attorneys, Rathmann & O'Brien, L.L.C., and for Count I of his cause of action against the Defendant, ILLINOIS CENTRAL RAILROAD COMPANY, d/b/a CANADIAN NATIONAL/ILLINOIS CENTRAL RAILROAD, a corporation, states:

Jurisdictional Statement

1.　Plaintiff, Gary McCann, was at all times relevant a resident of Decatur, Illinois. Plaintiff currently resides in Mexico, Missouri.

2. Defendant, Illinois Central Railroad Company d/b/a Canadian National/Illinois Central Railroad, is now and was at all times hereinafter mentioned a railroad corporation duly organized and existing according to law to engage in, and was engaged in, business as a common carrier by railroad in interstate commerce in the State of Illinois and specifically in the territory which compromises the United States District Court of the Central District of Illinois.

3. That since 1967 and at all times relevant herein, Plaintiff, Gary McCann, was employed by the Defendant, Illinois Central Railroad Company d/b/a Canadian National/Illinois Central Railroad as a locomotive engineer and that his work substantially affected interstate commerce and therefore, is entitled to bring his cause of action set forth below under a federal statute known as the Federal Employers' Liability Act, 45 U.S.C. Section 51, et seq. and the Locomotive Inspection Act 49 U.S.C. § 20701 et seq.

4. Venue of this action is proper in the United States District of for the Central District of Illinois pursuant to the terms of the Federal Employers' Liability Act, 45 U.S.C. Section 51, et seq.

5. Throughout the course of the plaintiff's railroad employment, he was furnished locomotives with inadequate and defective cab seats, rough track and oversized ballast and defective switches and which subjected him to whole-body vibration.

6. The defendant knew or should have known that inadequate and defective

cab seats, rough track, oversized ballast and defective switches, singularly or in combination, caused injuries to his neck, shoulders, and arms.

    7.    The plaintiff was working in furtherance of the defendant's interstate transportation and commerce at the time of his injuries alleged in this action.

WHEREFORE, Plaintiff, Gary McCann, prays for Judgment against the Defendant, Illinois Central Railroad Company d/b/a Canadian National/Illinois Central Railroad, in Count I in a sum fair and reasonable, in excess of $75,000.00 which is the jurisdictional limit of the court, together with his costs expended herein.

## COUNT II

### (Federal Employers' Liability Act)

Plaintiff, Gary McCann, through counsel Rathmann & O'Brien, L.L.C. and states as follows for Count II of his Complaint against the defendant:

    8.    Plaintiff repeats the allegations of paragraphs 1 through 7 of Count I as if fully set forth herein.

    9.    From 1967 until present, plaintiff was employed by Defendant as a locomotive engineer and was repetitively exposed to unsafe work conditions and injured while in the course and scope of his employment at locations across the United States, and while in the performance of his duties which were caused by one or more of the following acts of negligence of the defendant acting through its agents, servants, or employees, singularly or in combination:

        a.    It failed to provide the plaintiff with a reasonably safe place to work; or

    b.    It failed to provide the plaintiff with reasonably safe conditions to work; or

    c.    It failed to provide the plaintiff with reasonably safe equipment; or

    d.    It failed to maintain its track in a reasonably safe condition; or

    e.    It failed to maintain its equipment in a reasonably safe condition; or

    f.    It permitted the use of an engine which produced excessive lateral motion in violation of 49 C.F.R. §§ 229.7 (a)(1) and (2), .9, .45, and .63; or

    g.    It permitted the use of an engine which was not in proper condition and safe to operate in the service to which it was put in violation of 49 C.F.R.§§ 229.7 (a)(1) and (2), .9, .45, and .63; or

    h.    It permitted the use of an engine which had not been adequately inspected in violation of 49 C.F.R. §§ 229.23; or

    i.    It permitted the use of an engine which was not free of conditions that endangered the safety of the crew in violation of 49 C.F.R. § 229.45.

10.    During the entirety of his employment and acting within the regular course and scope of his employment, Plaintiff was required to throw switches, work on locomotives and cabooses and to sit on these locomotives using seats without high back supports, head rests, arm rests, contoured seats, efficient adjustments, adequate seat cushioning, interior padding, any type of occupant restraint system nor devices or items to use in conjunction with the placement of Plaintiff's feet to provide safe and effective bracing in the event of slack action or other abrupt changes in the speed of the train or locomotive engines. The design ergonomics, construction and shape of the seats of the locomotive engines and cabooses on which Plaintiff worked or rode were not adequate to

protect or prevent injury to Plaintiff from the usual and customary vibration of locomotive engines nor during run-ins, slack action, hard joints or other types of collisions, bumping, turbulent or rough movement to which plaintiff was regularly subjected during the regular customary course of his work assignments. Further, the locomotive cabs of each engine and caboose on which Plaintiff worked lacked adequate grab irons, footholds, handrails or any feature designed or intended to allow Plaintiff to brace himself during said slack action and hard-joint collisions and rough movement. Further, Plaintiff was never warned, trained or instructed regarding the dangers to his body from the work which he was required to do nor provided with those type seats with high back supports, headrests, armrests and restraint systems necessary for the work to be done in a safe manner. As a direct result of the above-described carelessness and negligence, and on each instance of Plaintiff's work in the above-described unsafe conditions, Plaintiff was exposed to unsafe and dangerous levels of vibration, stress and strain upon the tissues and structures of his neck and lumbar spine and was caused on a cumulative basis to suffer the injuries and damages hereinafter enumerated.

11.     During the entirety of his employment, acting within the regular course and scope of his work, Plaintiff was required to use and operate railroad track switches, lift, move, and carry heavy objects such as freight car/engine draw bars and knuckles, detrain from moving trains and walk on ballast or dirt toe paths, and otherwise engage in activities involving the use of the shoulders. Defendant, through its agents and employees other than Plaintiff, carelessly and negligently failed in its aforesaid duties in that among other

things, defendant failed to maintain a regular program of inspection, maintenance and repair for railroad track switches, switch stands, ground throw switches and toe paths such that Plaintiff was, on a regular and repeated basis, required to use, manipulate and operate "hard throw" switches, to detrain and walk upon and use toe paths which were not clean or safe for use and were in violation of the requirements of law. Plaintiff was further, on a regular and basis, required to lift and carry heavy knuckles and draw bars. On each of said occasions involving the use of the toe paths and the use and manipulation of the above-described switches, knuckles, draw bars and other heavy items and oversized ballast. Plaintiff was required to do work which was unsafe and dangerous in that it required lifting, pushing or pulling forces, stresses and strain in excess of those which the tissues of his neck, shoulders and body could withstand without injury.

12.   Defendant further carelessly and negligently failed in its aforesaid duties in that Plaintiff was never warned, trained or instructed regarding the dangers to his body from the above-described unsafe work which he was required to do; nor educated regarding the equipment required so that the work Plaintiff was required to perform could be done in a safe manner; nor educated regarding the manner in which cumulative neck and back injuries are caused and manifested; and because Plaintiff was required to do work which Defendant knew or should have known was likely to cause cumulative injuries, and/or re-injure Plaintiff where he had previously been injured or was weak because of congenital/developmental abnormalities.

13.   As a direct result of the above-described carelessness and negligence, and

on each instance of Plaintiff's work in the above-described unsafe conditions, Plaintiff was exposed to unsafe an dangerous levels of stress and strain upon the tissues and structures of his neck and lumbar spine, and was caused on a cumulative basis to suffer the injuries and damage hereinafter enumerated.

14. As a direct result of one or more of these negligent acts or omissions, in whole or in part, the plaintiff suffered injuries to his neck, shoulders, and arms; he sustained injuries to the soft tissues, ligaments, tendons, muscles, blood vessels, and nerves of his neck, shoulders, and arms he sustained bruising, straining, and scarring of the soft tissues, ligaments, tendons, muscles, blood vessels and nerves of his neck, shoulders, and arms; he has been caused to undergo severe pain and suffering and will continue to undergo severe pain and suffering; he has sought and received medical care and attention and will continue to receive medical care and attention; he has suffered psychological and emotional injury, mental anguish and anxiety and will continue to suffer psychological and emotional injury, mental anguish and anxiety in the future; he has incurred medical expenses and will continue to incur medical expenses; he has lost wages and benefits and will continue to lose wages and benefits; all to his damage.

WHEREFORE, Plaintiff, Gary McCann, prays for Judgment against the Defendant, Illinois Central Railroad Company d/b/a Canadian National/Illinois Central Railroad, in Count II, in a sum fair and reasonable, in excess of $75,000.00 which is the jurisdictional limit of the court, together with his costs expended herein.

# COUNT III

# LOCOMOTIVE INSPECTION ACT

Plaintiff, Gary McCann, through counsel Rathmann & O'Brien, L.L.C. and states as follows for Count III of his Complaint against the defendant:

15. Plaintiff repeats and restates herein the allegations of paragraphs 1 through 14 of this Complaint as if fully set forth herein.

16. From 1967 until present, plaintiff was employed by Defendant as an engineer and was engaged in the course and score of his employment at locations across the United States, and sustained serious injuries while in the performance of his duties, which were caused by one or more of the following acts violations of the Locomotive Inspection Act, 49 U.S.C. § 20701 et seq, singularly or in combination:

a) It permitted the use of an engine which produced excessive lateral motion in violation of 49 C.F.R. §§ 229.7 (a)(1) and (2), .9, .45, and .63; or

b) It permitted the use of an engine which was not in proper condition and safe to operate in the service to which it was put in violation of 49 C.F.R. §§ 229.7 (a)(1) and (2), .9, .45, and .63; or

c) It permitted the use of an engine which had not been adequately inspected in violation of 49 C.F.R. §§ 229.23, or

d) It permitted the use of an engine which was not free of conditions that endangered the safety of the crew in violation of 49 C.F.R. § 229.45.

17. During the entirety of his employment and acting within the regular course

and scope of his employment, Plaintiff was required to work on locomotives and cabooses and to sit on these using seats without high back supports, head rests, arm rests, contoured seats, efficient adjustments, adequate seat cushioning, interior padding, any type of occupant restraint system nor devices or items to use in conjunction with the placement of Plaintiff's feet to provide safe and effective bracing in the event of slack action or other abrupt changes in the speed of the train or locomotive engines. The design ergonomics, construction and shape of the seats of the locomotive engines and cabooses on which Plaintiff worked or rode were not adequate to protect or prevent injury to Plaintiff from the usual and customary vibration of locomotive engines nor during run-ins, slack action, hard joints or other types of collisions, bumping, turbulent or rough movement to which plaintiff was regularly subjected during the regular customary course of his work assignments. Further, the locomotive cabs of each engine and caboose on which Plaintiff worked lacked adequate grab irons, footholds, handrails or any feature designed or intended to allow Plaintiff to brace himself during said slack action and hard-joint collisions and rough movement. Further, Plaintiff was never warned, trained or instructed regarding the dangers to his body from the work which he was required to do nor provided with those type seats with high back supports, headrests, armrests and restraint systems necessary for the work to be done in a safe manner. As a direct result of the above-described carelessness and negligence, and on each instance of Plaintiff's work in the above-described unsafe conditions, Plaintiff was exposed to unsafe and dangerous levels of vibration, stress and strain upon the tissues and structures of his neck, shoulders,

arms and lumbar spine and was caused on a cumulative basis to suffer the injuries and damages hereinafter enumerated.

    18.    During the entirety of his employment, acting within the regular course and scope of his work, Plaintiff was required to use and operate railroad track switches, lift, move, and carry heavy objects such as freight car/engine draw bars and knuckles, detrain from moving trains and walk on ballast or dirt toe paths, and otherwise engage in activities involving the use of the neck, shoulders, arms and lumbar spine. Illinois Central Railroad Company d/b/a Canadian National/Illinois Central Railroad, through its agents and employees other than Plaintiff, carelessly and negligently failed in its aforesaid duties in that among other things, Illinois Central Railroad Company d/b/a Canadian National/Illinois Central Railroad failed to maintain a regular program of inspection, maintenance and repair for railroad track switches, switch stands, ground throw switches and toe paths such that Plaintiff was, on a regular and repeated basis, required to use, manipulate and operate "hard throw" switches, to detrain and walk upon and use toe paths which were not clean or safe for use and were in violation of the requirements of law. Plaintiff was further, on a regular and basis, required to lift and carry heavy knuckles and draw bars. On each of said occasions involving the use of the toe paths and the use and manipulation of the above-described switches, knuckles, draw bars and other heavy items, Plaintiff was required to do work which was unsafe and dangerous in that it required lifting, pushing or pulling forces, stresses and strain in excess of those which the tissues of his neck and shoulders could withstand without injury.

19. Defendant further carelessly and negligently failed in its aforesaid duties in that Plaintiff was never warned, trained or instructed regarding the dangers to his body from the above-described unsafe work which he was required to do; nor educated regarding the equipment required so that the work Plaintiff was required to perform could be done in a safe manner; nor educated regarding the manner in which cumulative neck and shoulder injuries are caused and manifested; and because Plaintiff was required to do work which Defendant knew or should have known was likely to cause cumulative injuries, and/or re-injure Plaintiff where he had previously been injured or was weak because of congenital/developmental abnormalities.

20. As a direct result of the above-described carelessness and negligence, and on each instance of Plaintiff's work in the above-described unsafe conditions, Plaintiff was exposed to unsafe an dangerous levels of stress and strain upon the tissues and structures of his neck, shoulders, arms and lumbar spine and was caused on a cumulative basis to suffer the injuries and damage hereinafter enumerated.

21. As a direct result of one or more of these violations of the Locomotive Inspection Act, in whole or in part, the plaintiff suffered injuries to his neck, shoulders and arms; he sustained injuries to the soft tissues, ligaments, tendons, muscles, blood vessels, and nerves of his neck, shoulders, and arms; he sustained bruising, straining and scarring of the soft tissues, ligaments, tendons, muscles, blood vessels and nerves of his neck, shoulders, and arms; he has been caused to undergo severe pain and suffering and will continue to undergo severe pain and suffering; he has sought and received medical

care and attention and will continue to receive medical care and attention; he has suffered psychological and emotional injury, mental anguish and anxiety and will continue to suffer psychological and emotional injury, mental anguish and anxiety in the future; he has incurred medical expenses and will continue to incur medical expenses; he has lost wages and benefits and will continue to lose wages and benefits; all to his damage.

WHEREFORE, plaintiff, Gray McCann prays for judgment against the defendant, Illinois Central Railroad Company d/b/a Canadian National/Illinois Central Railroad on Count III of his Complaint in a sum fair and reasonable, in excess of $75,000.00 which is the jurisdictional limit of the court, together with his costs expended herein.

## COUNT IV

### (Federal Employers' Liability Act)

COMES NOW Plaintiff, Gary McCann, by and through his attorneys, Rathmann & O'Brien, L.L.C., and for Count IV of his cause of action against the Defendant, Illinois Central Railroad Company d/b/a Canadian National/Illinois Central Railroad, states:

22.   Plaintiff repeats and restates herein the allegations of paragraphs 1 through 21 of this Complaint as if fully set forth herein

23.   That plaintiff has been diagnosed with carpal tunnel syndrome and that during his career with defendant he was required to throw switches and move throttles, brakes and controls on engines.

24. That the instant action was filed within three years of the date when plaintiff knew or reasonably could have known of the aforementioned injuries and their relationship to his employment with defendant.

25. Plaintiff states that his injuries and damages resulted in whole or in part from the negligent acts or omissions of the Defendant in one or more of the following particulars:

   a) Defendant failed to provide Plaintiff with a reasonably safe place to work; or

   b) Defendant failed to provide reasonably safe conditions for work; or

   c) Defendant failed to provide reasonably safe methods of work; or

   d) Defendant failed to enact a comprehensive ergonomics program; or

   e) Defendant failed to provide reasonably safe equipment or tools for work; or

   f) Defendant failed to provide adequate protection from exposure to cumulative trauma; or

   g) Defendant failed to provide adequate training; or

   h) Defendant failed to provide adequate safety or personal protective equipment; or

   i) Defendant failed to warn plaintiff of the danger of exposure to cumulative trauma; or

   j) Defendant failed to provide adequate help; or

   k) Defendant required plaintiff to repetitively use his hands and arms in awkward positions; or

l)  Defendant required plaintiff to repetitively use his hands and arms in awkward positions and did not warn him of the dangers of so doing; or

m)  Defendant failed to follow the recommendations of the AAR ergonomics studies performed in the late 1980's and early 1990's; or

n)  Defendant knew of the risks of repetitive trauma to its employees and failed to warn plaintiff; or

o)  Defendant failed to follow the recommendations of its own internal group studying the issue of cumulative trauma.

26. As a result, in whole or in part, of the aforementioned conduct of the defendant, Plaintiff was caused to suffer the following serious, painful, and permanent injuries, to-wit: Plaintiff sustained bilateral carpal tunnel syndrome and injuries to the nerves and related soft tissues in his hands and wrists; Plaintiff suffered and will continue to suffer pain and mental anguish; Plaintiff was caused to undergo medical treatment, tests, therapy and will require future medical treatment; Plaintiff has lost wages, fringe benefits and will in the future lose further such wages and fringe benefits; Plaintiff has expended or obligated himself for necessary and reasonable medical expenses and hospital care and will in the future be caused to expend further such sums for medical treatment and, possibly, surgery. Plaintiff has suffered pain and suffering and will in the future have pain and suffering as a result of Defendant's negligence. Plaintiff's ability to work, labor, and enjoy the normal pursuits of life has been permanently impaired and lessened all to Plaintiff's damage.

WHEREFORE, Plaintiff, Gary McCann, prays for Judgment against the Defendant, Illinois Central Railroad Company d/b/a Canadian National/Illinois Central Railroad, in a sum fair and reasonable, in excess of $75,000.00 which is the jurisdictional limit of the court, together with his costs expended herein.

**NOTE: PLAINTIFF DEMANDS TRIAL BY JURY**

RATHMANN & O'BRIEN, L.L.C.

/s/ Patrick S. O'Brien
PATRICK S. O'BRIEN #3127549
1031 Lami Street
St. Louis, Missouri 63104
(314) 773-3456 Telephone
(314) 773-7238 Facsimile

Attorneys for Plaintiff

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Gary McCann

**(b)** County of Residence of First Listed Plaintiff: Mexico
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Patrick O'Brien, Rathmann & O'Brien LLC, 1031 Lami, St. Louis, MO 63104, 314-773-3456

## DEFENDANTS
Illinois Central Railroad Company d/b/a Canadian National/Illinois Central Railroad Company

County of Residence of First Listed Defendant: Chicago
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [x] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☒ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | **IMMIGRATION** | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 462 Naturalization Application | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 463 Habeas Corpus - Alien Detainee | | |
| | | | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
Federal Employers' Liability Act

Brief description of cause:
Unsafe work conditions

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: [x] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE
DOCKET NUMBER

DATE: 07/07/2008
SIGNATURE OF ATTORNEY OF RECORD: *Patrick O'B...*

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____